DAVID J. GOLDSMITH (032801996)
JEFFREY M. EILENDER (Pro Hac Motion To be Submitted)
ENI MIHILLI (Pro Hac Motion To be Submitted)
**SCHLAM STONE & DOLAN LLP**
26 BROADWAY
NEW YORK, NY 10004
(212) 344-5400
dgoldsmith@schlamstone.com
jeilender@schlamstone.com
emihilli@schlamstone.com
*Attorneys for Plaintiff Shannon Reilly a/ka Everett Reilly*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON REILLY a/k/a EVERETT REILLY<br><br>*Plaintiff*,<br><br>-against-<br><br>LISA FILIPPINI, DIANA KEMP and<br>LISA'S PRICELESS PETS, LLC.<br><br>*Defendants*. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>_____Civ._____ |

Plaintiff Shannon Reilly a/k/a Everett Reilly, through his undersigned attorneys, Schlam

Stone & Dolan LLP, for his Complaint against Defendants Lisa Filippini ("Filippini"), Diana

Kemp ("Kemp") and Lisa's Priceless Pets, LLC ("Priceless Pets"), alleges as follows:

## NATURE OF THE ACTION

1.  This is a federal and state law wage and hour action against the corporate and individual

owners of a pet grooming salon for refusing to pay the required wages for their former employee,

Plaintiff Everett Reilly.

2.  From about September 2018 to January 2024, Mr. Reilly was an hourly employee of

Defendants.  For most of that period Defendants are either substantially underpaid Mr. Reilly, or

refused to pay him at all.  The longstanding unpaid wages and commissions, together with

applicable penalties, amount to more than $400,000 and for which each Defendant is jointly, and

severally liable.

3.      On May 28, 2024, counsel for Mr. Reilly served a demand letter on the

Defendants (attached hereto as Ex. 1), to which they have failed to provide any substantive

response, and they have refused to pay the amounts due and owing to Mr. Reilly as outlined in

the letter.

4.      Accordingly, the relief from this Court, as described in this Complaint, is

necessary.

## PARTIES, JURISDICTION AND VENUE

5.      Plaintiff Shannon Reilly a/k/a Everett Reilly is a natural person who resides in

Wayne, New Jersey.

6.      Defendant Lisa Filippini is a natural person, who, upon information and belief,

resides in Franklin Lakes, New Jersey and is the manager and a member of Defendant Lisa's

Priceless Pets, LLC.

7.      Defendant Diana Kemp is a natural person who is the mother of Defendant Lisa

Filippini, and for all intents and purposes is a co-owner of Defendant Priceless Pets, and who,

upon information and belief, is currently a resident of Keene, New Hampshire.

8.      Defendant Lisa's Priceless Pets, LLC, is a limited liability company organized

under the state of New Jersey, with its principal place of business in Pompton Plains, New

Jersey, and is engaged in the business of pet grooming under the name Priceless Pets.

9.      The Court has federal subject matter jurisdiction, under 28 U.S.C. §1331 and the

Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b), over the federal wage claims and

supplemental jurisdiction, under 28. U.S.C. §1369, of the state law claims.

10.     This Court has general personal jurisdiction over all the Defendants, as all of

them except Kemp have always been citizens of New Jersey, and during the relevant time period

2

Kemp was a citizen of this state.  Alternatively, with respect to Kemp, she violated the FSLA

and relevant New Jersey wage and hour statute by committing acts in New Jersey or acts outside

of New Jersey directed toward that state that was intended to and did harm Mr. Reilly, and thus

this Court has specific jurisdiction over Kemp.

11.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), (2) and (3), because all

of the Defendants reside in the District of New Jersey, a substantial part of the events or omissions giving

rise to the claims in this case occurred in this District, and the property that is the subject of this action –

to wit the long-past due funds owed to Mr. Reilly—are located in this District.

## FACTUAL BACKGROUND

### A.  The Failure to Pay Compensation As Mandated By Statutes

12.     From September 2018 until he resigned in January 2024, after not being paid as

legally required for years, Mr. Reilly worked as a dog bather and groomer, with some of his

responsibilities extending into overseeing general trends at the shop.

13.     During this time period, Mr. Reilly was grooming full time and being paid $14

per hour.  However, despite working as a dog groomer, Mr. Reilly was never paid the

commissions that were due him as a dog groomer.  Pers industry standards, commissions for dog

grooming are calculated at 50% of the dog grooming fees charged. Moreover, this amount of

commissions was expressly agreed to between the Defendants and Mr. Reilly.

14.      Additionally, while he regularly worked in excess of 40 hours per week, Mr.

Reilly was never paid overtime wages for any of his overtime work and was incorrectly labeled

as a "salary" employee.

15.     Additionally, Defendants  failed to compensate Mr. Reilly properly for his normal

hourly work, either giving him less than he was owed, or not paying him at all.

16.     Mr. Reilly informed the Defendants repeatedly about their failure to pay him the

wages he was owed.  Finally, after two years of working without his full pay despite repeated

demands to be paid for his work, and nearly one year of not being paid at all, Mr. Reilly was

constructively discharged in January 2024, due to the Defendants' ongoing refusal to pay him

for the hours he worked.  Mr. Reilly was constructively discharged more than 6 months ago, at

which point he informed the Defendants that he had worked without being paid, and that they

had avoided paying him despite numerous requests for payment.

17.    Nonetheless, to this date, Defendants still have provided Mr. Reilly with only a

tiny fraction of the compensation due him—and even that has been on an *ad hoc* and random

basis—for  the hours he worked during 2019, 2020, 2021, 2022, 2023 and 2024.  To be clear,

Mr. Reilly was never paid at least twice per month.

18.    Under the FSLA, "[e]very employer **shall** pay to each of his employees who in any

workweek is engaged in commerce or in the production of goods for commerce, or is employed in an

enterprise engaged in commerce or in the production of goods for commerce, wages at the [relevant

minimum wage]." 29 U.S.C.A. § 206.  At all relevant times, the federal minimum wage was $7.25 per

hour under the FLSA.  *Id.*  The FLSA permits an employee to recover any higher minimum wage to

which she is entitled under state law.  *Id.* The New Jersey minimum wage, for the years 2020 to 2024,[1]

are listed as follows:

- 2020 ($11 per hour)
- 2021 ($12 per hour)
- 2022 ($13 per hour)
- 2023 ($14.13 per hour)
- 2024 ($15.13 per hour)

19.    The FLSA requires employers to pay employees the federal or applicable state or

local minimum wage, whichever is greater. 29 U.S.C. § 206.  Additionally, employees are

---

[1] *See* https://www.nj.gov/labor/assets/PDFs/minimumwage_postcard.pdf

generally entitled to overtime pay for work in excess of 40 hours in a workweek at a rate of at

least 1.5 times their regular rate of pay**.** 29 U.S.C. § 207(a)(1).

20.     Although certain employees are exempt from FLSA minimum wage requirements,

Mr. Reilly does not fall under any of these categories.[2]  Additionally, Mr. Reilly was not a salary

employee. Remedies for the violation of the FLSA include the unpaid minimum wage and

overtime compensation, criminal prosecution, liquidated damages equal to the amount of unpaid

minimum wages and overtime compensation, and reasonable attorney's fees and costs. 29 U.S.C.

§ 216(a), (b).  In addition, the individual Defendants are personally liable for all of Mr. Reilly's

wages under the FLSA.

21.     Indeed, at all relevant times, Kemp conducted herself as an owner of the

grooming shop, including paying herself from its funds as often as she felt, paying its expenses,

and supervising Mr. Reilly and other employees. Thus, at a minimum, Kemp is a de facto

manager and/or owner of the corporate defendant and as personally liable for unpaid salary,

commissions, penalties and interest, as is her daughter Filippini.

22.     The New Jersey State Wage and Hour Law ("NJSWHL") covers every employer

in New Jersey. N.J. Rev. Stat. § 34:11-56a1(g).  Pursuant to the NJSWHL § 34:11-4.2, "every

employer shall pay the full amount of wages due to his employees at least twice during each

calendar month, on regular pay days designated in advance by the employer…" NJ Rev. Stat. §

34:11-4.2.  In addition, "[i]f any employer fails to pay the full amount of wages to an employee

agreed to or required by, or in the manner required by [NJ Rev. Stat. § 34:11-2 et al.], the

---

[2] Mr. Reilly worked as a dog bather and groomer, with some of his responsibilities extending
into overseeing general trends at the shop.  None of the existing categories of nonexempt
employees apply to his role.  Mr. Reilly is not an "executive employee," or "administrative
employee" or "professional employee" or "outside sales employee" or "computer professional
employee" or "highly compensated employee" or "commissioned sales employee." 29 C.F.R. §
541.0.

employee may recover in a civil action the full amount of any wages due… plus an amount of liquidated damages equal to not more than 200 percent of the wages lost or of the wages due, together with costs and reasonable attorney's fees." NJ Rev. Stat. § 34:11-4.10.

23.     Defendants' conduct clearly violates the NJSWHL.  They failed to pay Mr. Reilly for his hourly wages, overtime wages, and commissions, despite their statutory obligation to do so and his repeated requests to be paid.  Their refusal to pay Mr. Reilly in the face of his repeated requests makes clear that their violation of the NJSWHL is willful, which means that Mr. Reilly is entitled to all of his unpaid wages plus 200% in liquidated damages, plus reasonable attorney's fees.

24.     The New Jersey statute imposes personal liability on the managing officers of a corporation by deeming them employers of the employees of the corporation.  Therefore, Filippini and Kemp are personally liable for Mr. Reilly's unpaid wages, as they would be under the FSLA.  This is in the nature of a strict liability, with no additional showing required to render them personally liable beyond the fact that Defendants have refused to pay Mr. Reilly the wages due him.[3]

25.     Pursuant to NJ Rev. Stat. § 34:11-4.1, employer means "any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, employing any person in this State. For the purposes of this act **the officers of a corporation and any agents having the management of such corporation shall be deemed to be the**

---

[3] The statute also imposes criminal liability.  Under NJSWHL § 34:11-56.6, "[a]ny employer who willfully violates any provision of this act…shall be guilty of a misdemeanor and, upon conviction thereof, be punished by a fine of not less than fifty dollars ($50.00), nor more than two hundred dollars ($200.00), or by imprisonment for not less than ten days nor more than ninety days, or by both fine and imprisonment."

**employers of the employees of the corporation."** (emphasis added). Under this definition , Filippini and Kemp are both considered employers and both liable to pay Mr. Reilly's wages, as at a minimum Kemp acted as an agent of Filippini with respect to the management and operation of the grooming salon.

26.     The Wage Payment Law, N.J.S.A. 34:11–4.1 to –4.14, governs the time and mode of payment of wages due to employees. Generally, an employer must pay an employee at least twice during a calendar month, N.J.S.A. 34:11–4.2; the employer must pay any wages due to an employee who has resigned or been discharged or laid off no later than the regular payday for the pay period during which the separation occurred, N.J.S.A. 34:11–4.3.

27.     In the event of a dispute regarding the amount of wages due, the employer must pay all wages conceded to be due at the time payment is expected. N.J.S.A. 34:11–4.8(a). The WPL also requires an employer to give advance notice to any employee paid on a commission basis of any change in the method by which the commission is calculated. N.J.S.A. 34:11–4.1(b). An employee may also maintain a private cause of action for an alleged violation of the law. N.J.S.A. 34:11–4.7.

### B.  Alter-Ego Liability

28.     Another reason why Filippini and Kemp are not protected by the corporate form is that they failed to observe corporate formalities, using the LLC bank accounts as their personal bank accounts, keeping the LLC so undercapitalized that it could not meet its expenses, such as the employees' wages and commissions, the payment of sales taxes, and the payment of social security and other required taxes with respect to the employees.

29.     Filippini and Kemp so dominated the LLC such that there was no differentiation between them and the entity. Thus, the corporate veil may be pierced in these circumstances.

C.     **Wages, Fees and Penalties Owed**

30.     Mr. Reilly's records  (his time records, attached hereto as Exhibit 2, and records

for dogs groomed by Mr. Reilly attached hereto as Exhibit 3), establish that he is entitled to the

following wages which were not paid to him:

**Base Wages: $154,858** (Hourly Wages + Overtime Wages + Commissions)

- Hourly Wages from January 2022 to January 2024: **$46,928**
  - o   2022: 1,614 hours x $14/hour = $22,596
  - o   2023: 1,692 hours x $14/hour = $23,688
  - o   2024: 46 hours x $14/hour = $644
- Overtime wages from January 2021 to January 2024: **$25,131**
  - o   2019: 450 hours x ($11/hour divided by 2) = $2,475
  - o   2020: 450 hours x ($12/hour divided by 2) = $2,700
  - o   2021: 502 hours x $18/hour = $9,036
  - o   2022: 168 hours x $21/hour = $3,528
  - o   2023: 352 hours x $21/hour = $7,392
- Commissions from March 2022 to January 2024: **$82,799**
  - o   2022: $31,733
  - o   2023: $49,913
  - o   2024: $1,153

**Reimbursement**: **$1,000**[4]

**Statutory Penalties:** 200% of Base Wages ($154,858 x 2) = $**309,716**

**Total Owed: $465,574** (Base Wages + Reimbursement + Statutory Penalties)

**FIRST CAUSE OF ACTION**
**(Violation of FSLA Against All Defendants)**

31.     Plaintiff repeats the allegations in the preceding paragraphs as if fully set forth

herein.

32.     As set forth above, Mr. Reilly was non-exempt hourly employee of Defendants

who was also entitled to commissions.

_____

[4] This reimbursement relates to Defendant Filippini directing Mr. Reilly to purchase a new grooming table at the 2021 Groomers Show in Secaucus, which cost around $1,800, but only $800 was reimbursed to him.

33.    As also set forth above, Defendants underpaid or refused to pay at all the wages to Mr. Reilly that they were required to pay him under the FSLA for his regular hourly work, for over-time work, and for commissions.

34.    Mr. Reilly is thus entitled to payment from each of the Defendants, on a joint and several basis, the back wages and commissions owed to him, plus statutory penalties, reimbursement of his expenses, and his attorneys fees and costs of litigation, as provided for under the FSLA in an amount to be determined at trial, but no less than $465,574.

## SECOND CAUSE OF ACTION
### (Violation of the NJSWHL Against All Defendants)

35.    Plaintiff repeats the allegations in the preceding paragraphs as if fully set forth herein.

36.    As set forth above, Mr. Reilly was non-exempt hourly employee of Defendants who was also entitled to commissions.

37.    As also set forth above, Defendants underpaid or refused to pay at all the wages to Mr. Reilly that they were required to pay him under the NJSWHL for his regular hourly work, for over-time work, and for commissions.

38.    Mr. Reilly is thus entitled to payment from each of the Defendants, on a joint and several basis, the back wages and commissions owed to him, plus statutory penalties, reimbursement of his expenses, and his attorneys fees and costs of litigation, as provided for under the NJSWHL in an amount to be determined at trial, but no less than $465,574.

## THIRD CAUSE OF ACTION
### (Breach of Contract Against All Defendants)

39.    Plaintiff repeats the allegations set forth in the preceding paragraphs as if fully set forth herein.

40.    As set forth above, in or about September 2018, Mr. Reilly entered into an

agreement with each of the Defendants, pursuant to which they agreed to pay Mr. Reilly

commissions for dog grooming in the amount of 50% of the dog grooming fees Defendants

charged to their customers.

41.     As set forth above, Mr. Reilly performed all of his material obligations under the

agreement.

42.     As set forth above, Defendants have materially breached this agreement by

refusing to pay Mr. Reilly the agreed to—and earned—commissions as required by the

agreement.

43.     Mr. Reilly has been damaged, in an amount to be determined at trial, by the

breach of this agreement, and is entitled to the unpaid commissions plus pre and post-judgment

interest, from September 2018 until Mr. Reillys constructive termination in January 2024.

## FOURTH CAUSE OF ACTION
### (Alter-Ego Liability Against Defendants Filippini and Kemp)

44.     Plaintiff repeats the allegations set forth in the preceding paragraphs as if fully set

forth herein.

45.     As set forth above, the individual defendants have ignored all corporate

formalities and have treated the Defendant LLC as if it was indistinguishable from themselves,

by using the LLC bank accounts as if it were their own personal accounts to pay their personal

expenses, by keeping the LLC so under-capitalized that Defendants failed to pay the required

New Jersey state sales taxes, failing to pay withholding taxes for employees, failing to pay

employees, and failing to pay vendors. To the extent payments have been made for the LLC's

obligations, they have been made from the individual Defendants' personal funds.

46.     In these circumstances, the  adherence to the fiction of separate corporate

existence would sanction a fraud or promote injustice.

10

47.     Accordingly, separate and apart from the personal liability Filippini and Kemp have under the federal and New Jersey wage statutes, the corporate veil between them and the Defendant LLC should be pierced such that they have personal liability, on a joint and several basis, for the damage sowed to Mr. Reilly.

## FIFTH CAUSE OF ACTION
### (Violation of the Wage and Payment Law, N.J.S.A. 34:11-4.1 et seq., Against All Defendants)

48.     Plaintiff repeats the allegations set forth in the preceding paragraphs as if fully set forth herein.

49.     As set forth above, Defendants failed to pay Mr. Reilly at least twice during each calendar month.

50.      As set forth above, the Defendants failed to pay wages due to Mr. Reilly after Mr. Reilly was constructively discharged.  Mr. Reilly has asked to be paid and any failure to pay is not due to any inadvertent error. Mr. Reilly is not a bona fide executive, supervisory, or other special classification.

51.     Thus, Mr. Reilly is due the full amount of wages due, plus an amount of liquidated damages equal to not more than 200 percent of the wages lost, together with costs and reasonable attorney's fees and costs of litigation, as provided for under the FSLA in an amount to be determined at trial, but no less than $465,574.

**WHEREFORE**, Plaintiff demands judgment against Defendants, on a joint and several basis, on each of the causes of action asserted herein, plus an award of enhanced damages and attorneys fees and costs as provided for under the applicable statutes and the applicable interest plus pre and post-judgment interest, and granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
      August 1, 2024

**SCHLAM STONE & DOLAN LLP**

By:  /s/___*David J. Goldsmith*_____
    David J. Goldsmith (032801996)
    Jeffrey M. Eilender (Pro Hac Motion To be
    Submitted)
    Eni Mihilli (Pro Hac Motion To be Submitted)
    26 Broadway
    New York, New York 10004
    Tel.: (212) 344-5400
    Fax: (212) 344-7677
    jeilender@schlamstone.com
    vrosenfeld@schlamstone.com

    *Attorneys for Plaintiff Shannon Reilly a/k/a*
    *Everett Reilly*

`