# Exhibit 1

Jeffrey Eilender
Partner

212-612-1212
jeilender@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

May 28, 2024

<u>BY FEDERAL EXPRESS</u>
Lisa Filippini
Diana Kemp
Lisa's Priceless Pets, LLC
616 Newark Pompton Turnpike,
Pompton Plains, NJ 07444

Lisa Filippini
20 Konner Drive,
Franklin, NJ 07416

Diana Kemp
667 Hurricane Rd,
Keene, New Hampshire 03431

Re:   **Shannon Reilly a/k/a Everett Reilly – Unpaid Wages and Overtime Demand**

Dear Ms. Filippini and Ms. Kemp:

We represent Shannon Reilly, a/k/a Everett Reilly ("Mr. Reilly"), in connection with his wage and hour dispute with Lisa's Priceless Pets, LLC, Lisa Filippini, and Diana Kemp (collectively, "You").  We write to demand immediate payment of Mr. Reilly's unpaid wages and commissions, which, together with applicable penalties amount to more than $400,000 and for which You are personally, jointly, and severally liable.

## Factual Background

From in or around September 2018 to January 2024, Mr. Reilly was employed as an hourly employee by Lisa's Priceless Pets, an employer in New Jersey.  However, for a significant portion of his employment, You failed to pay Mr. Reilly for the hours he worked, including overtime.  You also failed to pay Mr. Reilly the commissions due him on top of his hourly wages, in violation of applicable federal and state law.

Mr. Reilly was hired by Lisa's Priceless Pets as a dog bather in or around September 2018 at an hourly rate of $10 per hour.  Mr. Reilly was advised that he would receive a yearly raise of $1 per hour.  Between 2018 to 2020, Mr. Reilly was working full time and was being paid hourly but never for working overtime.  Starting in or around early 2020, You began to train Mr. Reilly to work as a dog groomer.  Mr. Reilly was grooming 2-3 dogs per week before April 2022, when your other groomer left.  After your other groomer left in or around April

Lisa Filippini
Diana Kemp
Lisa's Priceless Pets, LLC
May 28, 2024
Page 2

2022, Mr. Reilly was grooming full time and being paid $14 per hour. However, despite working as a dog groomer, Mr. Reilly was never paid the commissions that due him as a dog groomer.[1]  Additionally, while he regularly worked in excess of 40 hours per week, he was never paid for any of his overtime work and was incorrectly labeled as a "salary" employee. Additionally, You failed to properly compensate Mr. Reilly for his normal hourly work, either giving him less than he was owed, or not paying him at all.

Mr. Reilly informed You repeatedly about your failure to pay him the wages he was owed. Finally, after two years of working without his full pay despite repeated demands to be paid for his work, and nearly one year of not being paid at all, Mr. Reilly was constructively discharged due to your ongoing refusal to pay him for the hours he worked.  Mr. Reilly was constructively discharged more than 3 months ago, at which point he informed You that he had worked without being paid, and that You avoided paying him despite numerous requests for payment.  Nonetheless, You still have provided him with only a tiny fraction of the compensation due him—and even that has been on an ad hoc and random basis—for  the hours he worked during 2019, 2020, 2021, 2022, 2023 and 2024.

## Legal Framework: Wage And Hour Law Requirements

*The Federal Labor Standards Act ("FLSA")*

Pursuant to the Fair Labor Standards Act ("FLSA"), "[e]very employer **shall** pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [relevant minimum wage]." 29 U.S.C.A. § 206 (West).  At all times relevant to this dispute, the federal minimum wage was $7.25 per hour under the FLSA.  *Id*.  The FLSA permits an employee to recover any higher minimum wage to which she is entitled under state law.  *Id.* The New Jersey minimum wage, for the years 2020 to 2024,[2] are listed as follows:
- 2020 ($11 per hour)
- 2021 ($12 per hour)
- 2022 ($13 per hour)
- 2023 ($14.13 per hour)
- 2024 ($15.13 per hour)

---

[1] Commissions for dog grooming are calculated at 50% of the dog grooming fees charged, per industry standard in 2019/2020, and as originally stated to Mr. Reilly by You.
[2] *See* https://www.nj.gov/labor/assets/PDFs/minimumwage_postcard.pdf

Lisa Filippini
Diana Kemp
Lisa's Priceless Pets, LLC
May 28, 2024
Page 3

The FLSA requires employers to pay employees the federal or applicable state or local minimum wage, whichever is greater. 29 U.S.C. § 206.  Additionally, employees are generally entitled to overtime pay for work in excess of 40 hours in a workweek at a rate of at least 1.5 times their regular rate of pay**.** 29 U.S.C. § 207(a)(1).

Although certain employees are exempt from FLSA minimum wage requirements, Mr. Reilly does not fall under any of these categories.[3]  Additionally, Mr. Reilly was not a salary employee.

Remedies for the violation of the FLSA include the unpaid minimum wage and overtime compensation, criminal prosecution, liquidated damages equal to the amount of unpaid minimum wages and overtime compensation, and reasonable attorney's fees and costs. 29 U.S.C. § 216(a), (b).  In addition, You are personally liable for all of Mr. Reilly's wages under the FLSA. *See Kociuba v. Kari-Out*, LLC, No. CV2301832JKSJBC, 2024 WL 397740, at *4 (D.N.J. Feb. 2, 2024).

*The New Jersey State Wage and Hour Law ("NJSWHL")*

The New Jersey State Wage and Hour Law ("NJSWHL") covers every employer in New Jersey. N.J. Rev. Stat. § 34:11-56a1(g).  Pursuant to the NJSWHL § 34:11-4.2, "every employer shall pay the full amount of wages due to his employees at least twice during each calendar month, on regular pay days designated in advance by the employer…" NJ Rev. Stat. § 34:11-4.2.  In addition, "[i]f any employer fails to pay the full amount of wages to an employee agreed to or required by, or in the manner required by [NJ Rev. Stat. § 34:11-2 et al.], the employee may recover in a civil action the full amount of any wages due… plus an amount of liquidated damages equal to not more than 200 percent of the wages lost or of the wages due, together with costs and reasonable attorney's fees." NJ Rev. Stat. § 34:11-4.10.

Your conduct clearly violates the NJSWHL.  You failed to pay Mr. Reilly for his hourly wages, overtime wages, and commissions, despite your obligation to do so and his repeated requests to be paid.  Your refusal to pay Mr. Reilly in the face of his repeated requests makes clear that your violation of the NJSWHL is willful. Mr. Reilly is entitled to all of his unpaid wages plus 200% in liquidated damages, plus reasonable attorney's fees.

---

[3] Mr. Reilly worked as a dog bather and groomer, with some of his responsibilities extending into overseeing general trends at the shop.  None of the existing categories of nonexempt employees apply to his role.  Mr. Reilly is not an "executive employee," or "administrative employee" or "professional employee" or "outside sales employee" or "computer professional employee" or "highly compensated employee" or "commissioned sales employee." 29 C.F.R. § 541.0.

Lisa Filippini
Diana Kemp
Lisa's Priceless Pets, LLC
May 28, 2024
Page 4

"The New Jersey statute imposes personal liability on the managing officers of a corporation by deeming them employers of the employees of the corporation." *Mulford v. Computer Leasing, Inc.*, 334 N.J. Super. 385, 393 (Law. Div. 1999). Therefore, Lisa Filippini and Diana Kemp are personally liable for Mr. Reilly's unpaid wages. This is in the nature of a strict liability, with no additional showing required to render You personally liable beyond the fact that you have refused to pay Mr. Reilly the wages due him.[4] Pursuant to NJ Rev. Stat. § 34:11-4.1, employer means "any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, employing any person in this State. For the purposes of this act **the officers of a corporation and any agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation."** (emphasis added). Under this construction, You are both considered employers and both liable to pay Mr. Reilly's wages, as Ms. Kemp acted as an agent of Ms. Filippini.

Nor will You be protected by the corporate form. We have reason to believe that You failed to observe corporate formalities, using the LLC bank accounts as Your personal bank accounts, which is another basis for subjecting you to personal liability for Mr. Reilly's unpaid wages. "In New Jersey, two elements must be shown to pierce the corporate veil: First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *State Cap. Title & Abstract Co. v. Pappas Bus. Servs., LLC,* 646 F. Supp. 2d 668, 679 (D.N.J. 2009). Both factors are satisfied here, where corporate formalities were disregarded and failure to pay Mr. Reilly's due wages would constitute a gross injustice.

As elaborated upon above, Your failure to pay Mr. Reilly's wages is a violation of both Federal and State law. You are jointly and severally liable for Mr. Reilly's wages.

### Wages, Penalties, and Fees Demanded

Upon our client's records (time-cards, attached hereto as Exhibit A, and records for dogs groomed by Mr. Reilly attached hereto as Exhibit B), Mr. Reilly demands the below wages be paid to him:

---

[4] The statute also imposes criminal liability. Under NJSWHL § 34:11-56.6, "[a]ny employer who willfully violates any provision of this act…shall be guilty of a misdemeanor and, upon conviction thereof, be punished by a fine of not less than fifty dollars ($50.00), nor more than two hundred dollars ($200.00), or by imprisonment for not less than ten days nor more than ninety days, or by both fine and imprisonment."

Lisa Filippini
Diana Kemp
Lisa's Priceless Pets, LLC
May 28, 2024
Page 5

**Base Wages: $154,858**
- Hourly Wages from January 2022 to January 2024: **$46,928**
    - 2022: 1,614 hours x $14/hour = $22,596
    - 2023: 1,692 hours x $14/hour = $23,688
    - 2024: 46 hours x $14/hour = $644
- Overtime wages from January 2021 to January 2024: **$25,131**
    - 2019: 450 hours x ($11/hour divided by 2) = $2,475
    - 2020: 450 hours x ($12/hour divided by 2) = $2,700
    - 2021: 502 hours x $18/hour = $9,036
    - 2022: 168 hours x $21/hour = $3,528
    - 2023: 352 hours x $21/hour = $7,392
- Commissions from March 2022 to January 2024: **$82,799**
    - 2022: $31,733
    - 2023: $49,913
    - 2024: $1,153

**Reimbursement**: **$1,000**[5]

**Statutory Penalties:** 200% of Base Wages ($149,683 x 2) = $**309,716**

**Total Owed to Mr. Reilly: $465,574** (Wages Owed + Statutory Penalties + Reimbursement)

Should we be required to take further steps to remedy Your wrongdoing beyond this letter, attorneys fees and costs in the five figures at a minimum will be added to Your total liability.

We are willing to discuss a reasonable payment plan. However, to forego further action, we must receive a bank check for at least $150,000, by close of business June 17, 2024. Please send the check payable to Schlam Stone & Dolan LLP as Attorneys, to my attention at the above address. The foregoing is without prejudice to all of Mr. Reilly's legal and equitable rights and remedies.

Sincerely yours,

*Jeffrey Eilender*

Jeffrey Eilender

---

[5] This reimbursement relates to Ms. Filippini directing Mr. Reilly to purchase a new grooming table at the 2021 Groomers Show in Secaucus, which cost around $1,800, but only $800 was reimbursed to him.