UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON REILLY a/k/a EVERETT REILLY<br><br>*Plaintiff,*<br><br>v.<br><br>LISA FILIPPINI, DIANA KEMP and LISA'S PRICELESS PETS, LLC.<br><br>*Defendants.* | **ANSWER**<br>**AFFIRMATIVE DEFENSES**<br><br>2:24-cv-08208-KSH-AME |

Defendants LISA FILIPPINI, DIANA KEMP and LISA'S PRICELESS PETS, LLC. (hereinafter collectively referred to as "Defendants"), by way of Answer to the Complaint, state as follows:

### AS TO "NATURE OF THE ACTION"

1. Paragraph 1 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 2 of the Complaint.

3. Defendants deny the allegations asserted in Paragraph 3 of the Complaint and leave Plaintiff to his proofs.

4. Defendants deny the allegations asserted in Paragraph 4 of the Complaint and leave Plaintiff to his proofs.

### AS TO "PARTIES, JURISDICTION AND VENUE"

5. Defendants deny knowledge and/or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 5 of the Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 5 of the Complaint and leave Plaintiff to his proofs.

6. Defendants admit that defendant Lisa Filippini resides in New Jersey. Defendants deny the remaining allegations in Paragraph 6 of the Complaint and leave Plaintiff to his proofs.

7. Defendants admit that defendant Diana Kemp resides in New Hampshire. Defendants deny the remaining allegations in Paragraph 7 of the Complaint and leave Plaintiff to his proofs.

8. Defendants admit that Lisa's Priceless Pets, LLC is located in Pompton Plains, New Jersey. Defendants deny the remaining allegations in Paragraph 8 of the Complaint and leave Plaintiff to his proofs.

9. Paragraph 9 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 11 of the Complaint.

## AS TO "FACTUAL BACKGROUND"

**A. The Failure to Pay Compensation As Mandated By Statutes**

12. Defendants deny the allegations asserted in Paragraph 12 of the Complaint and leave Plaintiff to his proofs.

13. Defendants deny the allegations asserted in Paragraph 13 of the Complaint and leave Plaintiff to his proofs.

14. Defendants deny the allegations asserted in Paragraph 14 of the Complaint and leave Plaintiff to his proofs.

15. Defendants deny the allegations asserted in Paragraph 15 of the Complaint and leave Plaintiff to his proofs.

16. Defendants deny the allegations asserted in Paragraph 16 of the Complaint and leave Plaintiff to his proofs.

17. Defendants deny the allegations asserted in Paragraph 17 of the Complaint and leave Plaintiff to his proofs.

18. Paragraph 18 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 20 of the Complaint.

21. Defendants deny the allegations asserted in Paragraph 21 of the Complaint and leave Plaintiff to his proofs.

22. Paragraph 22 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 27 of the Complaint.

### B. Alter-Ego Liability

28. Paragraph 28 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 29 of the Complaint.

### C. Wages, Fees and Penalties Owed

30. Defendants deny the allegations asserted in Paragraph 30 of the Complaint and leave Plaintiff to his proofs.

### AS TO "FIRST CAUSE OF ACTION"
### (Violation of FSLA Against All Defendants)

31. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

32. Defendants deny the allegations asserted in Paragraph 32 of the Complaint and leave Plaintiff to his proofs.

33. Paragraph 33 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 34 of the Complaint.

### AS TO "SECOND CAUSE OF ACTION"
### (Violation of the NJSWHL Against All Defendants)

35. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

36. Defendants deny all the allegations asserted in Paragraph 36 of the Complaint and leave Plaintiff to his proofs.

37. Paragraph 37 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 38 of the Complaint.

### AS TO "THIRD CAUSE OF ACTION"
### (Breach of Contract Against All Defendants)

39. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

40. Defendants deny the allegations asserted in Paragraph 40 of the Complaint and leave Plaintiff to his proofs.

41. Defendants deny the allegations asserted in Paragraph 41 of the Complaint and leave Plaintiff to his proofs.

42. Defendants deny the allegations asserted in Paragraph 42 of the Complaint and leave Plaintiff to his proofs.

43. Defendants deny the allegations asserted in Paragraph 43 of the Complaint and leave Plaintiff to his proofs.

**AS TO "FOURTH CAUSE OF ACTION"**
**(Alter-Ego Liability Against Defendants Filippini and Kemp)**

44. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

45. Paragraph 45 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 47 of the Complaint.

**AS TO "FIFTH CAUSE OF ACTION"**
**(Violation of the Wage and Payment Law, N.J.S.A. 34:11-4.1 et seq., Against All Defendants)**

48. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

49. Defendants deny the allegations asserted in Paragraph 49 of the Complaint and leave Plaintiff to his proofs.

50. Paragraph 50 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 51 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of the applicable laws.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is not entitled to any of the relief requested in the Complaint and Defendants acted in good faith at all times.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, delay, waiver, estoppel, acquiescence, and/or excuse.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, by misconduct on Plaintiff's part and/or unsatisfactory job performance.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or in part, by the failure to utilize internal procedures to seek redress of any complaints.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred, in whole or in part, by the failure to mitigate damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel, accord and satisfaction, offset and/or setoff.

## NINTH AFFIRMATIVE DEFENSE

9. Defendants are not "employers" under the FLSA or NJWHL.

## TENTH AFFIRMATIVE DEFENSE

10. The Complaint is barred, in whole or in part, by misconduct on Plaintiff's part including but not limited to unauthorized work at Defendants' place of business.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint is barred in whole or in part, based upon Plaintiff's fraudulent conduct concerning the alleged hours worked.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, the Portal-to-Portal Pay Act, 29 U.S.C. Section 255.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims fail to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims, if any, were caused by his own actions and/or omissions.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred as he has ratified the activities of the Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims fail to state a claim upon which compensatory, punitive or liquidated damages may be granted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful, but occurred in good faith and were based upon reasonable factors.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. An award of liquidated damages would be an unconstitutional denial of Defendants' rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred, in whole or in part, because the work alleged to be unpaid is not compensable time under the applicable laws, including because it was preliminary, postliminary and/or *de minimis*.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred because the work alleged to be unpaid is invalid.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Defendant Kemp has no ownership or involvement with the business. Her only connection is that she is Lisa Filippini's mother. All claims against defendant Kemp are frivolous in violation

of New Jersey Court Rule 1:4-8. As such, Defendants are entitled to their attorney's fees and costs if Plaintiff does not withdraw these claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     If Defendants' alleged failure to pay Plaintiff overtime wages was unlawful, although such is not admitted, Defendants have a good faith and reasonable belief that the failure to pay such wages was not unlawful and none of Defendants' actions or omissions constitute a willful violation of the FLSA or NJWHL.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     If Defendants' alleged failure to pay Plaintiff, overtime wages was unlawful, although such is not admitted, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction and payment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred, in whole or in part, by his knowing and voluntary, express or implied, agreement to and participation in the compensation agreement(s), arrangement(s), plan(s), and/or scheme(s), which he now claims is illegal.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred, in whole or in part, because such claims have been released, waived, discharged and/or abandoned.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Defendants acted in good faith at all times and without fraud or malice toward Plaintiff.

## ADDITIONAL DEFENSES

Defendants reserve the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants, demand a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Michael K. Chong, Esq., is hereby designated as trial counsel on behalf of Defendants.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants their costs, attorneys' fees and expenses, and grant such other relief as this Court deems proper.

Date: September 23, 2024                     Law Offices of Michael K. Chong, LLC

*Michael K. Chong*
Michael K. Chong, Esq.
*Attorney for Defendants*

2 Executive Drive, Ste. 240
Fort Lee, NJ 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676

300 Hudson Street, Ste. 10
Hoboken, NJ 07030
Ph#: (201) 708-6675
Fx#: (201) 708-6676

32 East 57th Street, 8th Fl.
New York, NY 10022
Ph#: (212) 726-1104
Fx#: (212) 726-3104
MKC@mkclawgroup.com